**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

---

**No. 16-1590**

---

EVARD DEMOTT,

      Plaintiff - Appellant,

       v.

CSX TRANSPORTATION, INC. - BALTIMORE DIVISION,

      Defendant - Appellee.

---

Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, Senior District Judge.  (1:14-cv-00277-JFM)

---

Submitted:  June 26, 2017               Decided:  August 21, 2017

---

Before GREGORY, Chief Judge, and THACKER and HARRIS, Circuit Judges.

---

Vacated and remanded by unpublished per curiam opinion.

---

P. Matthew Darby, H. David Leibensperger, BERMAN, SOBIN, GROSS, FELDMAN & DARBY, L.L.P., Lutherville, Maryland, for Appellant. Jacqueline M. Holmes, Thomas R. Chiavetta, JONES DAY, Washington, D.C., for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Evard DeMott filed this action against CSX Transportation, Inc. ("CSX"), under the Federal Railroad Safety Act ("FRSA"), alleging that CSX retaliated against him for engaging in protected activity. CSX disciplined DeMott for leaving a locomotive unattended with a control switch left in the on position, speeding, failing to report a problem with a speed indicator, allowing another employee to calibrate that speed indicator, and being insubordinate. According to DeMott, however, CSX in fact disciplined him in retaliation for reporting various unsafe workplace conditions, publishing a safety bulletin, and filing a complaint with the Occupational Safety and Health Administration. The district court granted summary judgment in favor of CSX.

DeMott now appeals, arguing that the district court: (1) employed the wrong legal standard in granting summary judgment; (2) erred in concluding that the relevant decision-makers had no knowledge of his protected activities; and (3) impermissibly required DeMott to submit proof of disparate treatment. He also appeals the court's order denying his Fed. R. Civ. P. 59(e) motion. We vacate the district court's orders and remand for further proceedings.

"We review the district court's grant of summary judgment de novo, applying the same standard as the district court . . . [and] construing the evidence in the light most favorable to . . . the non-movant." *Walker v. Mod-U-Kraf Homes, LLC*, 775 F.3d 202, 207 (4th Cir. 2014). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

2

In order to establish a retaliation claim under FRSA:

[A] plaintiff must project sufficient admissible evidence to establish that: (1) the employee engaged in a protected activity; (2) the employer knew that the employee engaged in the protected activity; (3) the employee suffered an unfavorable personnel action; and (4) the protected activity was a contributing factor in the unfavorable action.

*Conrad v. CSX Transp., Inc.*, 824 F.3d 103, 107 (4th Cir. 2016) (internal quotation marks and brackets omitted). "If the employee establishes a prima facie claim, then the burden shifts to the employer to demonstrate by clear and convincing evidence that the employer would have taken the same personnel action in the absence of the protected activity." *Id.* (internal quotation marks omitted). "The 'knowledge' relevant for a retaliation claim under the FRSA must be tied to the decision-maker involved in the unfavorable personnel action." *Id.* at 108.

DeMott undoubtedly engaged in protected activities when he filed safety reports. *See* 49 U.S.C. § 20109(B)(1)(A); *Conrad*, 824 F.3d at 107. Contrary to the district court's finding, we conclude that DeMott adequately demonstrated that the relevant decision-makers were aware of his protected activities. Three decision-makers were involved in adverse action against DeMott: Road Foreman of Engines Rick Keller, who made the decision to charge DeMott with a rules violation related to an unsecured engine; Road Foreman of Engines Chad Matthews, who entered assessments for speeding, tampering, and insubordination; and Division Manager John Wright, who made the

3

ultimate decision to discipline DeMott.[1]  There is evidence that Wright knew of some of DeMott's protected activities, specifically a February 2011 complaint of a loose rail. Matthews knew of DeMott's complaint regarding unsafe train steps, and DeMott's testimony established that Keller knew of DeMott's February 2011 complaint.  Sally Malloy, Cumberland Terminal Superintendent Ray Morriss' assistant, testified that local management was not happy with DeMott's safety activities; her testimony is broad enough to encompass both Matthews and Keller who, as Road Foremen of Engines, qualify as local management.

Next, it is undisputed that CSX subjected DeMott to unfavorable personnel action. *See* 49 U.S.C. § 20109(a), (b); *Conrad*, 824 F.3d at 107-08.  As to the final element of the prima facie case, we conclude that DeMott established that his protected activities were a contributing factor to the unfavorable personnel action.  *See Feldman v. Law Enf't Assocs. Corp.*, 752 F.3d 339, 348 (4th Cir. 2014) (discussing what constitutes a contributing factor).[2]

Viewing the facts in the light most favorable to DeMott, temporal proximity supports a conclusion of retaliatory animus.  In the summer of 2011, DeMott complained on two separate occasions about safety issues, and, on August 21, 2011, DeMott

---

[1] Although the disciplinary hearing officers imposed punishment for the charges on which they found DeMott guilty, the officers denied any prior, direct knowledge of DeMott's protected activities, and DeMott did not refute their declarations.

[2] *Feldman* addressed a retaliation claim under the Sarbanes-Oxley Act, which employs the same standard as an FRSA claim.  *Conrad*, 823 F.3d at 107.

4

complained of the need for a guard rail at an underpass. Within three months of the first two complaints, and nine days after the final safety complaint, he was charged with a rules violation. This is strong evidence of retaliatory animus. *See Foster v. Univ. of Md.-E. Shore*, 787 F.3d 243, 253 (4th Cir. 2015) (recognizing that "a two-and-a-half month gap between protected activity and an adverse employment action [i]s sufficiently narrow to establish the causation prong of the prima facie case solely on the basis of temporal proximity").

Moreover, there is evidence that CSX managers targeted DeMott and the other union members. DeMott's charge for failing to properly secure his engine came after he was instructed to do something he had never been asked to do before and was never again asked to do. Two CSX managers warned other employees to avoid the union, and statements of CSX's own management indicate that the actions of Cumberland's managers may have been influenced by retaliatory animus.[3] We therefore conclude that DeMott produced sufficient evidence to establish a prima facie case of retaliation.

CSX nevertheless argues that, even if DeMott established a prima facie case of retaliation, the district court's judgment should be affirmed on the alternate ground that CSX demonstrated by clear and convincing evidence that it would have disciplined DeMott absent the protected activity. "[C]lear and convincing has been defined as evidence of such weight that it produces in the mind of the trier of fact a firm belief or

---

[3] Although CSX points to comparator evidence for the proposition that it did not retaliate against DeMott, we conclude that the circumstances surrounding the insubordination charges render those instances distinguishable from DeMott's circumstances.

5

conviction, without hesitancy, as to the truth of the allegations sought to be established." *Jimenez v. DaimlerChrysler Corp.*, 269 F.3d 439, 450 (4th Cir. 2001) (ellipsis and internal quotation marks omitted). We conclude that CSX has not produced sufficient evidence to satisfy this burden, and we therefore decline to affirm the court's judgment on that alternate ground.[4]

Accordingly, we vacate the district court's orders and remand for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

[4] Because we vacate for the reasons outlined above, we do not address DeMott's remaining arguments.